**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KIRK OCHOA,

                                        Plaintiff,

                - v -                                        Civ. No. 9:06-CV-119
                                                                    (DNH/RFT)

CAROL DeSIMONE, *Inmate Records Coordinator*;
D.S.A. BADGER; LT. SANTOS,

                                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

KIRK OCHOA
Plaintiff, *Pro Se*
c/o Jennifer Godfrey
3337 Mickle Ave.
Bronx, NY 10469

ANDREW M. CUOMO                              SENTA B. SUIDA, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Defendants
615 Erie Blvd. W., Suite 102
Syracuse, NY 13204-2465

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

        On January 30, 2006, *pro se* Plaintiff Kirk Ochoa filed this civil rights lawsuit, pursuant to

42 U.S.C. § 1983, alleging that (1) Defendant Carol DeSimone retaliated against him for filing

lawsuits and grievances; (2) Defendant Badger violated his due process rights by denying him a

legal assistant and the right to call witnesses during a disciplinary hearing; and (3) Defendant Santos

violated his rights by ruling against him in a separate disciplinary hearing. Dkt. No.1, Compl. at

¶ 7. Defendants have filed a Motion for Summary Judgment to which Plaintiff has not responded.

Dkt. No. 32, Defs.' Mot. for Summ. J.   The original deadline for Plaintiff's response to the

Defendants' Motion was February 25, 2008.   *See id.*   After Plaintiff failed to meet that deadline, on

April 4, 2008, this Court issued the following Order:

> Plaintiff shall file and serve any opposition to Defendants' Motion for Summary
> Judgment on or before May 19, 2008; **Plaintiff is warned that failure to oppose
> Defendants' Motion will result in this Court accepting the facts set forth by
> Defendants as true**.   *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the
> Statement of Material Facts shall be deemed admitted unless specifically
> controverted by the opposing party." (emphasis in original)).   **Plaintiff is further
> warned that failure to respond may, if appropriate, result in the granting of
> Defendants' Motion, in which [case] there will be no trial.**   *See* N.D.N.Y.L.R.
> 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines
> that the moving party has met its burden to demonstrate entitlement to the relief
> requested therein, the non-moving party's failure to file or serve any papers as
> required by this Rule shall be deemed as consent to the granting or denial of the
> motion, as the case may be, unless good cause is shown.").

Dkt. No. 33, Order dated Apr. 11, 2008 (emphasis in original).

Because Plaintiff has failed to respond to the Defendants' Motion, we will accept the facts set forth

by Defendants as true.

## I. FACTS

At the time of the events alleged in the Complaint, Plaintiff was in the New York State

Department of Correctional Services' (DOCS) custody at the Oneida Correctional Facility.   Defs.'

Mot. for Summ. J., Ex. 3, Statement Pursuant to Rule 7.1 (hereinafter "Defs.' 7.1 Statement"), at ¶

3.   Plaintiff was subsequently released from DOCS custody on September 6, 2007.   *Id.* at ¶ 2.   The

material facts giving rise to Plaintiff's claims are as follows.

On October 26, 2005, Defendant Carol DeSimone filed a Misbehavior Report (hereinafter

"October Report") against Plaintiff accusing him of harassment.   *Id.*, Ex. B, Misbehavior Rep., dated

Oct. 26, 2005.   Defendant Deputy Superintendent for Administration John Badger presided as

Hearing Officer over the ensuing Disciplinary Hearing, which was held on November 8, 2005.   *Id.*,

Ex. C, Disciplinary Hr'g Tr., dated Nov. 8, 2005.  At the conclusion of the Hearing, Plaintiff was found guilty and sentenced to thirty (30) days in the Special Housing Unit ("SHU") and one month recommended loss of good time.  *Id.* at p. 7.  Plaintiff appealed Badger's determination and it was reversed on January 13, 2006.  *Id.*, Ex. D, Order Reversing Hr'g Decision, dated Jan. 13, 2006.

On December 2, 2005, Plaintiff was issued another Misbehavior Report (hereinafter "December Report") for refusal to obey a direct order.  *Id.*, Ex. E, Misbehavior Rep., dated Dec. 2, 2005.  Defendant Lieutenant Lance Santos presided over Plaintiff's Disciplinary Hearing at the conclusion of which Plaintiff was found guilty and sentenced to thirty (30) days keeplock.  *Id.*, Exs. F, Disciplinary Hr'g Tr., dated Dec. 7, 2005 & G, Inmate Disciplinary Hist.  Plaintiff did not appeal that decision.  *Id.* at ¶ 11.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . .  the moving party is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."  *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d

Cir. 1992).

        To defeat a motion for summary judgment, the non-movant must "set forth specific facts
showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of
the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282,
287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a
motion for summary judgment when the moving party has set out a documentary case."); *Rexnord
Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are
"more than mere conclusory allegations subject to disregard . . . they are specific and detailed
allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a
summary judgment motion" and the credibility of such statements is better left to a trier of fact.
*Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and
*Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

        When considering a motion for summary judgment, the court must resolve all ambiguities
and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier
Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary
judgment motion stage of the litigation is carefully limited to discerning whether there are any
genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this
point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs.,
Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*,
the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the
strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*,
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations,

unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## B.  Due Process Claims

Plaintiff asserts that Defendant Badger violated his due process rights by denying him a legal assistant and the right to call witnesses during a disciplinary hearing related to the October Report, and that Defendant Santos violated his rights by ruling against him in a disciplinary hearing related to the December Report.[1]  Badger sentenced Plaintiff to thirty (30) days in SHU with a recommended one month loss of good time and Santos sentenced him to thirty (30) days keeplock. Defs.' 7.1 Statement at ¶¶ 6 & 10.

In order to state a procedural due process claim pursuant to the Fourteenth Amendment, an inmate must first establish that he enjoys a protected liberty interest.  *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  Such interests are derived from the Fourteenth Amendment Due Process Clause itself or from state statute or regulations.  *Id.*

The Supreme Court has narrowly circumscribed the scope of liberty interests emanating from the Due Process Clause to protect "no more than the 'most basic liberty interests in prisoners.'"  *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).  Furthermore, "changes in the conditions of confinement having a substantial adverse impact on the prisoner are not alone sufficient to invoke the protections of the Due Process Clause '[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him.'"  *Vitek v. Jones*, 445 U.S.

[1] The basis for Plaintiff's claim against Defendant Santos is not entirely clear.  His Complaint states: "Defendant Lt. Santos Hearing Decision informing Plaintiff that these rules apply while not in DOCS custody is a violation of due process of [law][.]  DOCS own rule book clearly states that rules only apply in DOCS custody not outside [sic] custody." Compl. at ¶ 7.  Because Plaintiff's claim is unclear, we liberally construe it as a due process claim.

480, 493 (1980) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

However, when a prisoner is subjected to conditions that are "unexpected," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and  "qualitatively different from the punishment characteristically suffered by a person convicted of crime," the Due Process Clause itself confers a liberty interest.  *Vitek v. Jones*, 445 U.S. at 493 (holding an involuntary transfer to a state mental hospital implicated a liberty interest protected by the Due Process Clause); *see also Washington v. Harper*, 494 U.S. 210 (1990) (finding the Due Process Clause provides a liberty interest in being protected from the involuntary administration of psychotropic drugs).

In the case at bar, Plaintiff's disciplinary confinement in SHU and keeplock does not constitute an "unexpected" change in condition, nor did those conditions exceed the sentence imposed upon him.  *See Dawes v. Dibiase*, 1997 WL 376043, at *4 (N.D.N.Y. July 3, 1997) (citing *Washington v. Harper & Vitek v. Jones* for the proposition that the Due Process Clause will apply by its own force only for deprivations much more severe than solitary confinement for a year). Therefore, Plaintiff does not have a liberty interest in remaining free from SHU confinement emanating from the Due Process Clause itself.

State statutes and regulations may also confer liberty interests to prisoners.  *Arce v. Walker*, 139 F.3d at 334 (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. at 460).  The Supreme Court held in *Sandin v. Conner* that state created liberty interests shall be limited to those deprivations which subject a prisoner to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. at 484.  Thus, a prisoner asserting a denial of due process as a result of segregated confinement or loss of privileges must (1) make a threshold showing that an atypical and significant hardship was imposed upon him, and (2) establish that the

"state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

While the Second Circuit has cautioned that "there is no bright-line rule regarding the length or type of sanction" that meets the *Sandin* standard, *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999), it has made clear that confinement in SHU for a period of one year constitutes atypical and significant restraint on inmates, deserving due process protections, *Sims v. Artuz*, 230 F.3d 14, 23 (2d Cir. 2000) (stating that confinement in SHU exceeding 305 days was atypical); *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (finding 305 days of SHU confinement atypical).

In this case, neither of Plaintiff's thirty (30) day stints in SHU and keeplock, without more,[2] constitute an atypical and significant hardship, and therefore Plaintiff has not asserted that he has a liberty interest at stake. *See Sealey v. Giltner*, 197 F.3d 578, 590 (2d Cir. 1999) (101 days in normal SHU conditions did not constitute an atypical and significant hardship); *see also Sandin v. Conner,* 515 U.S. at 486; *Thompson v. LaClair*, 2008 WL 191212, at *3 (N.D.N.Y. Jan. 22, 2008) (30 days in SHU does not constitute an atypical and significant hardship).

Therefore, these claims should be **dismissed** as a matter of law.[3]

## C.  Retaliation Claim

Plaintiff asserts that Defendant DeSimone issued the October Misbehavior Report against

---

[2] The Second Circuit has held open the possibility that a period of restricted confinement of less than 101 days could create a liberty interest if the record were to reflect atypical and significant conditions of confinement. *See Colon v. Howard*, 215 F.3d at 232 n.5.  In this case, Plaintiff has adduced no allegations regarding the conditions of his confinement beyond the loss of privileges that normally accompany disciplinary confinement.

[3] With respect to Plaintiff's due process claim against Santos, Plaintiff failed to appeal Santos's decision and therefore that claim should be dismissed for failure to exhaust administrative remedies as well. *See* Defs.' 7.1 Statement at ¶ 10; 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

him in retaliation for his filing "court actions and grievances against [Oneida Correctional Facility] and its staff." Compl. at ¶ 5. The Defendants failed to address this claim in their Motion for Summary Judgment. *See* Dkt. No. 32, Pl.'s Mem. of Law. However, notwithstanding that omission, under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court has the power to review Plaintiff's Complaint for failure to state a claim *at any time*. *See, e.g.*, *Zimmerman v. Burge*, 2008 WL 850677, at *7 (N.D.N.Y. Mar. 28, 2008) (noting that "even where a defendant has not requested dismissal based on a failure of the plaintiff to state a claim upon which relief may be granted, a district court may, *sua sponte*, address whether a pro se prisoner has failed to state a claim[.]") (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). We find that, even accepting all Plaintiff's factual allegations as true, he has not stated a valid claim § 1983 retaliation claim.

The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) & *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988)).

In order to prevail on a retaliation claim, a plaintiff bears the burden to prove, "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted). Thus, there must be a "causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)

(citation omitted).

A plaintiff may meet the burden of proving an inappropriate retaliatory motive by presenting circumstantial evidence of a retaliatory motive, such as temporal proximity, thus obviating the need for direct evidence. *Bennett v. Goord*, 343 F.3d at 138-39 (holding that plaintiff met his burden in proving retaliatory motive by presenting circumstantial evidence relating to, *inter alia*, the temporal proximity of allegedly false misbehavior reports and the subsequent reversal of the disciplinary charges on appeal as unfounded). Other factors that can infer an improper or retaliatory motive include the inmate's prior good disciplinary record, vindication at a hearing on the matter, and statements by the defendant regarding his motive for disciplining plaintiff. *McEachin v. Selsky*, 2005 WL 2128851, at *5 (N.D.N.Y. Aug. 30, 2005) (citing *Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995)).

Moreover, "in the prison context [the Second Circuit has] previously defined 'adverse action' *objectively*, as retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *Gill v. Pidlypchak*, 389 F.3d at 381 (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (emphasis in original). This objective test will apply even though a particular plaintiff was not himself deterred. *Id.* If the plaintiff can carry that burden, the defendants will still be entitled to summary judgment if they can show, by a preponderance of the evidence, that they would have taken the same action in the absence of the prisoner's First Amendment activity. *Davidson v. Chestnut*, 193 F.3d 144, 148-49 (2d Cir. 1999); *see Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir. 1998); *Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994).

In asserting his retaliation claim, Plaintiff generally states that he filed grievances and

lawsuits which formed the basis for Defendant DeSimone's retaliatory Misbehavior Report.  The Supreme Court has noted that the right to petition government for redress of grievances is "among the most precious of the liberties safeguarded by the Bill of Rights."  *See United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967).  The Second Circuit has held that within the prison context, "inmates must be 'permit[ted] free and uninhibited access . . . to both *administrative and judicial* forums for the purpose of seeking redress of grievances against state officers.'"  *Franco v. Kelly*, 854 F.2d at 589 (quoting *Haymes v. Montanye*, 547 F.2d 188, 191 (2d Cir. 1976)) (emphasis and alterations in original).

Fatal to Plaintiff's retaliation claim, however, is his failure to specify what lawsuits or grievances he filed, against whom, and where such were filed.  Plaintiff does not indicate that Defendant DeSimone was even aware of any lawsuit or grievance which he may have filed.  Therefore, Plaintiff has failed to allege a causal connection between his filing of grievances and lawsuits and DeSimone's filing of the Misbehavior Report.  "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone."  *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Therefore, it is recommended that this claim be **dismissed**.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 32) be **granted**; and it is further

**RECOMMENDED**, that Plaintiff's retaliation claim be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**RECOMMENDED**; that in light of the above recommendations, Plaintiff's Complaint (Dkt. No. 1) be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   September 10, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge